# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LARA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | 1:03-cv-6946-SMS<br><br>ORDER DIRECTING PLAINTIFF TO FILE A SUPPLEMENTAL BRIEF NO LATER THAN SEPTEMBER 9, 2005<br><br>ORDER DIRECTING DEFENDANT TO FILE A RESPONSIVE SUPPLEMENTAL BRIEF NO LATER THAN SEPTEMBER 23, 2005 |

Plaintiff is proceeding in forma pauperis and with counsel against the Commissioner of Social Security. Plaintiff seeks judicial review of a final decision of the Commissioner denying an application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act). Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.

I. <u>Findings regarding Mental Impairment</u>

Plaintiff has attacked the findings of the ALJ with respect to the severity of Plaintiff's mental impairment. The Court notes

1

1  that the ALJ found that Plaintiff suffered depression but that it
2  was slight. The Court requests briefing regarding whether the ALJ
3  failed to apply the correct legal standard when he ALJ failed to
4  make findings regarding the functional areas (see 20 C.F.R. §
5  416.920a), and whether remand is required.
6      II. <u>Impairment of Lupus</u>
7      The Court notes that the ALJ found that Plaintiff suffered
8  from lupus, a severe impairment; however, the ALJ found generally
9  that Plaintiff had no impairment or combination thereof that met
10 or medically equaled an impairment listed in Appendix 1, Subpart
11 P, Regulations No. 4. The ALJ did not make any express finding
12 regarding whether or not Plaintiff's lupus met or medically
13 equaled listing 14.02.
14     The Court further notes that Plaintiff argued in the opening
15 brief that the ALJ erred in failing to find that Plaintiff's
16 lupus met the listing, and Plaintiff later reviewed some of
17 Plaintiff's medical history regarding lupus. However, Plaintiff
18 never quoted the pertinent sections of the listings, or any
19 standards incorporated therein, or engaged in a detailed review
20 of the requirements of the listing(s) in question and how the
21 evidence in question is argued to meet the specific requirements
22 of the listing. Plaintiff's argument fails to comply with
23 paragraph 11(f) of the Court's scheduling order.
24     However, in the interest of a full treatment of the issues
25 on the merits, the Court directs Plaintiff to file a supplemental
26 brief addressing the issue of whether or not the ALJ erred in not
27 making express findings on the issue; and whether or not
28 substantial evidence supports the ALJ's implicit finding that

Plaintiff's lupus did not meet or medically equal listing 14.02 (2003).

Plaintiff is directed to file a supplemental brief on these issues that complies with paragraph 11(f) of the Court's scheduling order, supporting the argument with citation to legal authority, including quotation and citation to any and all pertinent sections of the regulations and listings, and any relevant or incorporated criteria necessary to a full consideration of the issue; and explanation of the application of such authority to the facts of this particular case, including reference to pertinent medical evidence and citation to the location in the record of such evidence. Plaintiff's supplemental brief shall be filed no later than September 9, 2005.

Respondent shall file a responsive supplemental brief no later than September 23, 2005, at which time the case shall be deemed submitted to the Court for decision.

IT IS SO ORDERED.

**Dated:    August 29, 2005**                    **/s/ Sandra M. Snyder**
icido3                                      UNITED STATES MAGISTRATE JUDGE