1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LARA,<br><br>              Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>              Defendant. | ) 1:03-cv-6946-SMS<br>)<br>) ORDER DEEMING PLAINTIFF'S<br>) EXTENSION TO RESPOND TO ORDER<br>) DIRECTING PLAINTIFF TO FILE<br>) SUPPLEMENTAL BRIEF TO BE A<br>) REQUEST FOR AN EXTENSION OF TIME<br>) (DOC. 21)<br>)<br>) ORDER GRANTING PLAINTIFF'S<br>) REQUEST FOR EXTENSION<br>)<br>) ORDER SETTING DEADLINES FOR<br>) FILING OF SUPPLEMENTAL BRIEFS BY<br>  PLAINTIFF AND DEFENDANT<br><br>  INFORMATIONAL ORDER RE: SANCTIONS<br><br>  DIRECTIONS TO PLAINTIFF'S COUNSEL<br>  TO FILE A DECLARATION UNDER<br>  PENALTY OF PERJURY NO LATER THAN<br>  TEN DAYS AFTER THE DATE OF<br>  SERVICE OF THIS ORDER |

        Plaintiff is proceeding in forma pauperis and with counsel

against the Commissioner of Social Security. Plaintiff seeks

judicial review of a final decision of the Commissioner denying

an application for Supplemental Security Income (SSI) benefits

under Title XVI of the Social Security Act (the Act). Pursuant to

28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.

I. Request for an Extension of Time

On August 30, 2005, the Court directed Plaintiff to file a supplemental brief no later than September 9, 2005. Plaintiff failed to file the supplemental brief and failed to file a request for an extension of time in advance of the due date. Plaintiff has now filed a document entitled "EXTENSION TO RESPOND TO ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF," which the Court CONSTRUES as a request for an extension of time to file the supplemental brief.

The request for extension of time indicates that the Court's order of August 30, 2005 "was pulled to Plaintiff's counsel by staff for review on September 9, 2005." This seems to mean that Plaintiff's counsel did not even look at the order directing the filing of a brief until the date upon which the brief was due to be filed. There is no indication that this was a mistake or anything other than usual office practice. There is no explanation for this blatant failure to comply with the Court's order directing supplemental briefing.

The request for extension further states that on the day that the brief was due, counsel requested a "2 week" extension of time to prepare "the response," which the Court interprets to be a reference to the brief. The Court is mystified by this sentence because a review of the Court's docket reveals that counsel did not file with the Court a request for an extension on September 9. If counsel is referring to a request made of the Defendant,

2

1  the Court notes that it is not within the Defendant's power to
2  grant an extension of time to a party who has been specifically
3  directed by the Court to file a supplemental brief on a certain
4  date. Local Rule 6-144(a) expressly provides that with certain
5  exceptions not applicable to the instant case, all extensions of
6  time must be approved by the Court. Local Rule 6-144(d) expressly
7  provides that counsel shall seek to obtain a necessary extension
8  of time as soon as the need for an extension becomes apparent;
9  requests for Court-approved extensions brought on the required
10 filing date for the pleading or other document are looked upon
11 with disfavor. Here, before the Court-ordered deadline for
12 briefing arrive, Plaintiff's counsel made no effort even to
13 evaluate the need for an extension, let alone to seek to obtain
14 it; and counsel did not bring the request on the required filing
15 date, but instead waited until a full five days after the
16 deadline even to file the request for an extension. Counsel
17 further states that counsel was advised by the Court that the
18 request for an extension should have been sent on September 9,
19 2005. This is a baseless mischaracterization of a statement that
20 the request should have been filed before the due date, not on
21 the due date.

22      Plaintiff's disrespect for the Court is further indicated by
23 the fact that Plaintiff's request for an extension of time does
24 not set forth or even attempt to set forth a showing of good
25 cause for an extension of time. Counsel merely states that in
26 lieu of "the above," counsel seeks an additional seven days from
27 the date of the Court's "response."

28      Misrepresenting a communication from a staff member of the

3

Court is an act that evinces lack of even the most basic respect for the Court, its staff, and its processes. Seeking an extension of time after the passage of the briefing deadline necessarily involves a situation in which a violation of the terms of the Court's specific briefing order has already occurred. Any attempt to obtain an extension of time after a deadline has already passed requires application to the Court for an order extending time accompanied by a showing of good cause for the delay. Thus, the Court finds that Plaintiff's counsel's assertion that she was attempting to obtain from a party a stipulation to an extension after the deadline had already passed, and her attempt to obtain an extension without a showing of good cause, to be clearly contrary to the terms and spirit of the Court's order and the rules of Court, as well as to be profoundly in bad faith.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). The Court has spent considerable resources in considering the instant case on its merits. In order to facilitate the determination of the instant case on the merits, the Court will grant Plaintiff an extension of time.

Plaintiff's request for an extension of time IS GRANTED. Plaintiff SHALL FILE no later than ten days from the date of service of this order a supplemental brief addressing the matters referred to in this Court's order of August 30, 2005.

Defendant SHALL FILE a responsive supplemental brief no later than fifteen days after the date upon which Plaintiff's

4

1  supplemental brief is filed, at which time the case shall be

2  deemed submitted to the Court for decision.

3      II. <u>Informational Order to Plaintiff and Plaintiff's Counsel</u>

4      Plaintiff and her counsel ARE INFORMED, however, that if the

5  conduct of Plaintiff's counsel described hereinabove is repeated,

6  the Court WILL SET a hearing for imposition of monetary sanctions

7  against counsel, and further WILL CONSIDER all further sanctions,

8  including dismissal, pursuant to the inherent power of the Court

9  or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b),

10 11; Local Rule 11-110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-

11 43 (1991).

12     III. <u>Direction to Plaintiff's Counsel to File a Declaration</u>

13     Further, it appears to the Court that previous efforts to

14 impress upon Plaintiff's counsel the importance of complying with

15 the Court's orders, and attempts to alert Plaintiff's counsel to

16 the need to familiarize herself with the pertinent rules of court

17 and to comply therewith, have not been successful. It appears

18 that the Court may be faced with further violations of Court

19 orders and rules by Plaintiff's counsel in the future.

20     Therefore, for the sake of establishing a record of

21 counsel's state of mind, Plaintiff's counsel IS DIRECTED to read

22 this order, review this Court's scheduling order issued in this

23 case, read Local Rule 6-144, and prepare, sign, and file with the

24 Court in this action a declaration under penalty of perjury that

25 she has read this order, reviewed the scheduling order, and read

26 Local Rule 6-144. Such a declaration SHALL BE FILED no later than

27 ten days after the date of service of this order.

28

1  IT IS SO ORDERED.

2  **Dated:     September 20, 2005**             **/s/ Sandra M. Snyder**
   icido3                                 UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28